IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC SCHROEDER, | CIV. NO. 13-00706 BMK |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTIONS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| ACE TOWING SERVICES, INC., ET AL., | |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTIONS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are (1) Defendants City and County of Honolulu and Christopher G. Chung's (collectively the "City Defendants") Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment, filed September 4, 2014, (Doc. 44); (2) Defendant Ace Towing Services, Inc., Ace Towing/Waialae Chevron's (collectively the "Ace Defendants") Motion to Dismiss and/or for Summary Judgment, filed September 8, 2014, (Doc. 49); and (3) Plaintiff Eric Schroeder's ("Plaintiff") Motion for Summary Judgment, filed September 10, 2014, (Doc. 55) (collectively, "Dispositive Motions"). The parties filed their respective Memoranda in Opposition to the Dispositive Motions on November 24,

2014, (Docs. 68, 69, 71), and their Replies on December 1, 2014. (Docs. 75, 77, 79, 80.)

These matters came on for hearing on December 15, 2014. (Doc. 82.) Appearing on behalf of Plaintiff was Richard D. Gronna; appearing on behalf of the City Defendants was Curtis E. Sherwood; and appearing on behalf of the Ace Towing Defendants was Lorrin A. Kau. (Id.) After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, the Court: (1) GRANTS the City Defendants' Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment; (2) GRANTS the Ace Defendants' Motion to Dismiss and/or for Summary Judgment; and (3) DENIES Plaintiff's Motion for Summary Judgment.

## **BACKGROUND**

Because this case is currently before the court on the parties' motion for judgment on the pleadings or, alternatively, for summary judgment, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(c) and 56, respectively, as to all of Plaintiff's claims, the following factual allegations are taken from Plaintiff's and Defendants' affidavits and submissions.

I.  **Factual Background**

This case is a 42 U.S.C. § 1983 action stemming from Plaintiff's

challenge to the City's rules, ordinances, and polices relating to tow operations. (Doc. 1 at 2-3, ¶ 3.) On October 10, 2011, Plaintiff parked his vehicle in a tow away zone on Bethel Street. (Doc. 45-2 at 1.) On that day, at approximately 5:00 p.m., Honolulu Police Department ("HPD") Officer Christopher G. Chung ("Officer Chung") issued a "Notice of Parking Infraction" ("Parking Citation") to Plaintiff's vehicle, alleging a violation of Revised Ordinances of Honolulu ("ROH") § 15-14.8, prohibiting the parking of a vehicle in a tow away zone.[1] (Doc. 1-2 at 9, ¶ 28; see also Doc. 45-2 at 1-2.) After issuing the Parking Citation, Officer Chung contacted HPD's Communications Division to initiate a tow pursuant to ROH § 15-13.9(a), which provides that HPD officers are "authorized to remove vehicles or cause them to be removed from a street, highway or pedestrian mall to a storage area or other place of safety" when the vehicle is left unattended or parked in a tow zone "during the time of restricted parking[.]" (Doc. 45-1 at 2, ¶ 5; ROH § 15-13.9(a).) Officer Chung subsequently left Bethel Street, and HPD, through its Communications Division, contacted Ace Towing/Waialae Chevron ("Ace Towing") to tow

---

[1] ROH § 15-14.8 provides, in relevant part:

    (a) When official signs are erected designating a street or portions thereof as a tow or tow away zone, no person shall stop, stand or park a vehicle, even momentarily, between the hours indicated on such signs; provided, that:
        (1) During hours other than the morning and afternoon peak traffic hours as defined in this code:
            (A) Stops may be made by a vehicle displaying a valid decal pursuant to the provisions on Section 15-15.5 for the expeditions loading or unloading of freight,
. . . .
    (b) In no case shall the stop for the loading or unloading of freight exceed 30 minutes[.]

3

Plaintiff's vehicle.² (Doc. 44-1 at 9.)

Pursuant to a contract between the City and Ace Towing, HPD's Communications Division notified Ace Towing of the location of Plaintiff's vehicle, and instructed Ace Towing to tow the vehicle per its contract. (Doc. 49-1 at 6.) As instructed, Ace Towing towed Plaintiff's vehicle from Bethel Street to its impound yard. (Doc. 49-1 at 6.) Under Ace Towing's contract, it has no discretion to tow and the company is fined for failing to tow as instructed. (Doc. 49-1 at 6-7.)

Plaintiff was told by another business operator that his vehicle was being towed, and Plaintiff witnessed the tow truck leaving Bethel Street with his vehicle in tow. (Doc. 55-1 at 8.) Plaintiff learned that his vehicle was taken to Ace Towing's impound yard, and he went there to retrieve his vehicle. (Doc. 55-1 at 9; Doc. 1-2 at 10-11, ¶¶ 37, 42, 43.) Plaintiff asked an Ace Towing employee if he would have an opportunity to contest the tow and whether there was an indigent release program to retrieve his vehicle. (Doc. 55-1 at 9.) Plaintiff maintains that he was told to "pay the money or your car will be our car." (Doc. 55-1 at 9.) Plaintiff paid $137.50 to retrieve his vehicle. (Id.) Plaintiff also retrieved the Parking Citation Officer Chung issued to him, Citation No. 1DTP-11-150175, which

---

² It is uncontested that Officer Chung initiated the tow of Plaintiff's vehicle under HPD's "tag-and-go/tag-and-bag" policy, which provides that when an officer issues a citation and informs the Communications Division of the tow zone violation, "[i]t is not necessary for the officer to remain at the scene until the vehicle is towed, nor is it necessary for the officer to complete an inventory form." (Doc. 56-5 at 3; see Docs. 44-1 at 9; 55-1 at 8-9.)

alleged that Plaintiff had been parked in a tow away zone, in violation of ROH § 15-14.8. (Doc. 55-1 at 9-10; Doc. 45-2.)

The Parking Citation notified Plaintiff of his right to challenge the parking violation in the State of Hawaii District Court of the First Circuit ("State District Court"). (Doc. 45-2 at 2.) Specifically, the Parking Citation notified Plaintiff of three options he could take with regard to the charged parking infraction: (1) admit committing the parking infraction and pay the necessary fines; (2) deny committing the parking infraction by requesting a hearing to contest the infraction in person or by submitting a written statement explaining the grounds on which the infraction is contested; or (3) admit committing the parking infraction, but explain mitigating circumstances in person at a hearing or by written statement. (Doc. 45-2 at 2.) Plaintiff chose to avail himself of the second option, by submitting a written statement to the State District Court, denying committing the parking infraction. (See Doc. 45-4 at 1; Doc. 73-4 at 2; Doc. 84-2; Doc. 88-2 at 2-3, ¶ 5.)

In Plaintiff's written submission to the State District Court, Plaintiff requested that the court dismiss the Parking Citation because, inter alia, his vehicle was parked in a commercial loading/unloading zone with the proper "commercial tags" displayed, and the street signage "was unconstitutionally vague, confusing and failed to provide reasonable notice." (Doc. 84-2 at 2.) On December 2, 2011,

Plaintiff's submission was reviewed in chambers, and a Judgment was issued against Plaintiff. (Doc. 73-4 at 2.) On January 9, 2012, Plaintiff requested a trial de novo. (Doc. 73-4 at 2; see also Doc. 45-4 at 1.)

On May 30, 2012, during pretrial discussions with the Deputy Prosecutor, the State reached an agreement with Plaintiff, who was then represented by counsel. (Doc. 56-19 at 2, ¶ 2.) The State agreed to dismiss by *nolle prosequi* the one-count Parking Citation and vacate the December 2, 2011 Judgment, and Plaintiff agreed to forfeit the bond posted to release the registration hold. (Doc. 56-19 at 2, ¶ 2; Doc. 56-19 at 5.) The parties presented the agreement to the State District Court and the agreement was accepted and ordered. (Id.)

Although Plaintiff did not request reimbursement of his towing expenses during negotiations with the State, the City has a procedure in place whereby claimants may submit a claim to recover towing expenses. (See Doc. 73-2.) In order to initiate a claim for towing expenses, a claimant needs to submit a letter to the Department of the Corporation Counsel for review. (Doc. 73-2 at 3, ¶ 9.) A claimant may also submit a claim by using the City's Standard Claim Form (Form CC-16), (Doc. 73-6), which lists the types of supporting documents necessary for the claim. (Docs. 73-2 at 3, ¶¶ 9-10; 73-6, 78-3.) When a claim is submitted, an acknowledgment letter is generated and sent to the claimant, and the claim is then

assigned to an investigator. (Doc. 73-2 at 3, ¶ 11.) Once a claim is assigned, information is requested from the departments involved in the claim. (Id.) After the pertinent information is received, the claim is referred to the Claims Committee, which makes the final decision on the claim. (Id.) If a claim is denied, a denial letter is sent to the claimant. (Doc. 73-2 at 3, ¶ 12.) When a claim has been denied, claimants are able to resubmit their claim for reconsideration with additional evidence or reasons why their claim should be granted, and the claim will be reconsidered. (Id.) Plaintiff did not avail himself of the City's claim reimbursement process.

For the reasons discussed below, this Court finds that the process available to Plaintiff to adjudicate the underlying parking violation and thereafter to make a claim for reimbursement of the towing expenses satisfies due process requirements. Accordingly, the Court GRANTS both the City Defendants' Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment and the Ace Defendants' Motion to Dismiss and/or for Summary Judgment, and DENIES Plaintiff's Motion for Summary Judgment.

## STANDARD

### I. Judgment on the Pleadings Standard

FRCP Rule 12(c) provides as follows:

> After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.

To the extent, however, that "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56." FRCP Rule 12(d).

A dismissal on the pleadings under FRCP Rule 12(c) is proper only if the moving party is clearly entitled to prevail. Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984). All allegations of the nonmoving party must be accepted as true, while any allegations made by the nonmoving party that have been denied are assumed to be false. Pahk v. Hawaii, 109 F. Supp. 2d 1262, 1266 (D. Haw. 2000). Generally, the court is unwilling to grant a dismissal pursuant to Rule 12(c) unless the movant "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) (internal quotation marks and citations omitted).

## II. Motions for Summary Judgment

FRCP Rule 56 provides for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP Rule 56(a). The movant bears the initial burden of "identifying for the court the portions of the materials on file that it

believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). If the movant has met its burden, then "the non-moving party must show that there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be in favor of either party." Guillermo v. Hartford Life & Accident Ins. Co., 986 F. Supp. 1334, 1336 (D. Haw. 1997) (internal quotation marks and citation omitted). The court must view the evidence in the light most favorable to the nonmoving party, and where the direct evidence produced by the moving party conflicts with direct evidence proceeded by the nonmoving party, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., Inc., 809 F.2d at 630-31. Inferences from the facts, disputed and undisputed alike, must be drawn in the light most favorable to the nonmoving party. Id. at 631.

## DISCUSSION

Plaintiff first argues that the City's Tow Ordinances are unconstitutional facially and as applied for failing to provide Plaintiff with the right to notice and the opportunity to be heard at a meaningful time and in a meaningful manner following the seizure and detainment of his vehicle. (Doc. 55-1 at 23.) Plaintiff similarly argues that the City's Tow Ordinances violate the due process

guarantees of the Hawaii State Constitution as well as the U.S. Constitution for its alleged failure to provide notice and a meaningful opportunity to be heard. (Doc. 55-1 at 24-25.) Thus, all of Plaintiff's remaining claims require this Court to determine whether Plaintiff was afforded sufficient due process, i.e., sufficient notice and an opportunity to be heard, to contest the government's decision to tow and impound his vehicle. As discussed more thoroughly below, this Court finds that Plaintiff was afforded sufficient due process.

"Due process is a flexible concept, and its procedural protections will vary depending upon the particular deprivation." Orloff v. Cleland, 708 F.2d 372, 378 (9th Cir. 1983) (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972)). A determination of what procedural requirements are necessary to satisfy due process in any one situation requires a sensitive inquiry into the competing governmental and private interests affected. See Mathews v. Eldridge, 424 U.S. 319, 334 (1976). These include the "private interest that will be affected by the official action;" the "risk of an erroneous deprivation of such interest" under the existing procedures; the "probable value, if any, of additional or substitute procedural safeguards;" and finally, the Government's interest, including "the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

With regard to the private interest affected, it is undisputed that Plaintiff has an interest in the uninterrupted use and possession of his vehicle. (See e.g., Doc. 44-1 at 15.) The private interest in the uninterrupted use of an automobile is significant. Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1324 (9th Cir. 1982). "A person's ability to make a living and his access to both the necessities and amenities of life may depend upon the availability of an automobile when needed." Stypmann v. City & Cnty. of San Francisco, 557 F.2d 1338, 1342-43 (9th Cir. 1977). On the other hand, the City has a considerable interest in maintaining the order and safety of its streets and in promoting the public welfare, and the City's ability to efficiently and inexpensively tow illegally parked vehicles is necessary in furthering those interests.

With regard to the risk of an erroneous deprivation of Plaintiff's interest, this Court finds that the City's towing scheme alleviates any risk associated with the tow and impoundment of a person's vehicle by providing a process to challenge the underlying parking violation and to request reimbursement of any towing fees incurred where the underlying parking violation is reversed. To the extent that Plaintiff argues that he was provided "zero due process" before he was deprived of his vehicle, the Ninth Circuit has previously noted that due process does not require a pre-towage hearing. See Goichman, 682 F.2d at 1323-24 (citing

11

Sutton v. City of Milwaukee, 672 F.2d 644, 648 (7th Cir. 1982)). Thus, the only question before this Court is whether the process available to challenge the underlying parking citation, together with the claims reimbursement process available to claimants who successfully challenge parking citations, is sufficient to satisfy due process requirements.

This Court finds the Tenth Circuit's holding in Goichman v. City of Aspen instructive in this matter. 859 F.2d 1466 (10th Cir. 1988). In that case, Goichman, the plaintiff, was parked on a public street in the City of Aspen. Id. at 1467. The next day, Goichman discovered that his vehicle had been towed and impounded because it was parked in violation of the city's municipal code. Id. Goichman was informed that he would be required to pay a $20.00 parking fine and a $40.00 towing fee before his vehicle would be released. Id. Goichman paid the fine and towing fee. Id. Goichman alleged he was told that no judicial hearing would be provided to determine whether the towing and impoundment was appropriate and legal. Id. In addition to the written notice provided on the traffic citation, Goichman did not contest Aspen's assertion that persons claiming their vehicles were advised of their right to contest the citation in court, and if exonerated of the parking citation, their towing and impound fees would be waived and/or reimbursed. Id. at 1467 n.3. Goichman, however, elected not to contest the

underlying parking violation, and instead, brought a 42 U.S.C. § 1983 action alleging that Aspen had deprived him of personal property without providing for a judicial hearing, prior to payment for the release of the vehicle, to determine the legal justification for the seizure and impoundment of the car. Id. at 1467.

The Tenth Circuit held that requiring an individual to post the equivalent of a bond to cover towing charges and parking fees pending a hearing on the underlying violation does not violate due process. Goichman, 859 F.2d at 1468. The Goichman Court further held that inasmuch as the towing ordinance allows for the towing of illegally parked vehicles, "the validity of the tow, therefore, is dependent on the validity of the determination that the car in question was found parked in violation of a traffic regulation." Id. at 1468 (quoting Cokinos v. Dist. of Columbia, 728 F.2d 502, 503 (D.C. Cir. 1983)) (internal quotation marks omitted). Accordingly, the Goichman Court held that "as long as there is an opportunity for a hearing provided to challenge the underlying violation, due process is served." Id. at 1468. This Court is persuaded by the reasoning set forth by the Tenth Circuit.

In this case, the City, acting pursuant to a legitimate exercise of its police power, enacted parking regulations, which it enforced through the towing of illegally parked vehicles.[3] See Hawaii Revised Statutes ("HRS") § 46-20.5

---

[3] Plaintiff does not contest the City's authority to enact these regulations, but only argues that they are unconstitutional for its "total lack of procedural due process rights[.]" (See Doc. 55-1 at 24.)

(providing that the City "may adopt and provide for the enforcement of ordinances regulating towing operations"); see also ROH Chapter 15, Articles 13 & 14. Plaintiff was given adequate notice of the City's parking regulations, prohibiting the parking of any unauthorized vehicle in the Bethel Street tow away zone between the hours of 3:30 – 5:30 p.m., through properly posted signs. (Doc. 45-1 at 2, ¶ 3; Doc. 45-5.) Thus, Plaintiff was on notice that parking his vehicle in the tow away zone at approximately 5:00 p.m. constituted a violation capable of subjecting him to a fine and/or the towing of his vehicle. Moreover, the Parking Citation issued to Plaintiff notified him of his right to contest the underlying parking violation in State District Court. (Doc. 45-2 at 2.)

Apart from the fact that Plaintiff had notice that he could challenge the underlying parking violation in State District Court, (Doc. 45-2 at 2), Plaintiff contends that due process requires that he be afforded a separate process to challenge the City's seizure and tow of his vehicle. This Court disagrees. Plaintiff was given the opportunity to fully challenge the underlying parking violation that was the basis of the tow, and he utilized that procedure.

In addition to the opportunity to contest the underlying parking violation that served as the basis of the tow of Plaintiff's vehicle, the City provides a claims process whereby Plaintiff could have requested reimbursement from the City

14

if the underlying parking violation for which he received the Parking Citation was determined to be erroneous. (Doc. 45-3 at 3, ¶ 7.) Plaintiff failed to avail himself of this process.

This Court finds that the reasonable availability of a hearing to adjudicate the underlying parking violation satisfied the strictures of due process. See Goichman, 859 F.2d at 1468. As a result, any separate procedure to challenge the tow and impound of Plaintiff's vehicle would be completely unnecessary and inappropriate. Plaintiff's due process rights were not violated, and therefore, his section 1983 action cannot lie.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the foregoing reasons, the Court GRANTS the City Defendant's Motion for Judgment on the Pleadings, or in the alternative, Motion for Summary Judgment; GRANTS the Ace Defendants' Motion to Dismiss and/or for Summary Judgment; and DENIES Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED

DATED: Honolulu, Hawaii, January 9, 2015.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Schroeder v. Ace Towing Services, Inc., et al., CIV. NO. 13-00706 BMK, ORDER GRANTING DEFENDANTS' MOTIONS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT