IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ERIC SCHROEDER, | ) | CIV. NO. 13-00706 BMK |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S BILL OF COSTS |
| ACE TOWING SERVICES, INC., ET AL., | ) ) ) | |
| Defendants, | ) ) ) | |

**ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S BILL OF COSTS**

Before the Court is Defendant City and County of Honolulu's Bill of Costs, filed January 26, 2015. (Doc. 98.) Defendant City and County of Honolulu (hereinafter "City") requests $443.20 in costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") and Rule LR 54.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rule"). (Doc. 98-1 at 1; Doc. 98-2 at 2.) The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule LR 7.2(d). After careful consideration of the Bill of Costs, as well as the supporting and opposing papers, the Court GRANTS the City's Bill of Costs. As discussed more thoroughly below, the

Court ORDERS that Defendant City and County of Honolulu be awarded costs in the amount of $443.20.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case; therefore, the Court will only address herein the background that is relevant to the instant Bill of Costs.

Plaintiff Eric Schroeder ("Plaintiff") brought this 42 U.S.C. § 1983 action challenging the City's rules, ordinances, and policies relating to tow operations. (Doc. 1 at 2-3, ¶ 3.) On October 10, 2011, Plaintiff parked his vehicle in a tow away zone on Bethel Street. (Doc. 45-2 at 1.) On that day, at approximately 5:00 p.m., Honolulu Police Department ("HPD") Officer Christopher G. Chung ("Officer Chung") issued a "Notice of Parking Infraction" ("Parking Citation") to Plaintiff's vehicle, alleging a violation of Revised Ordinances of Honolulu ("ROH") § 15-14.8, prohibiting the parking of a vehicle in a tow away zone. (Doc. 1-2 at 9, ¶ 28; see also Doc. 45-2 at 1-2.) After issuing the Parking Citation, Officer Chung contacted HPD's Communications Division to initiate a tow of Plaintiff's vehicle. (Doc. 45-1 at 2, ¶ 5.) Pursuant to a contract with the City, Ace Towing/Waialae Chevron ("Ace Towing") towed Plaintiff's vehicle from Bethel Street to its impound yard. (Doc. 49-1 at 6.) Plaintiff thereafter went to

2

Ace Towing's impound yard to retrieve his vehicle, and asked for an opportunity to contest the tow of his vehicle and whether there was an indigent release program available to retrieve his vehicle. (Doc. 55-1 at 9.) Plaintiff was not afforded an opportunity to contest the tow of his vehicle at that time nor was he able to retrieve his vehicle via an indigent release program, and therefore, Plaintiff paid $137.50 to retrieve his vehicle. (Doc. 55-1 at 9.) Plaintiff also retrieved the Parking Citation Officer Chung issued to his vehicle, which alleged that Plaintiff had been parked in a tow away zone, in violation of ROH § 15-14.8. (Doc. 55-1 at 9-10; Doc. 45-2.)

The Parking Citation notified Plaintiff of his right to challenge the parking violation in the State of Hawaii District Court of the First Circuit ("State District Court"). (Doc. 45-2 at 2.) In accordance with the notice provided by the Parking Citation, Plaintiff submitted a written statement to the State District Court, denying committing the parking infraction. (See Doc. 45-2 at 1; Doc. 73-4 at 2; Doc. 84-2; Doc. 88-2 at 2-3, ¶ 5.) Plaintiff requested that the State District Court dismiss the Parking Citation because, inter alia, his vehicle was parked in a commercial loading/unloading zone with the proper "commercial tags" displayed, and the street signage "was unconstitutionally vague, confusing and failed to provide reasonable notice." (Doc. 84-2 at 2.) Plaintiff's submission was reviewed in chambers, and a Judgment was issued against Plaintiff. (Doc. 73-4 at 2.) On

January 9, 2012, Plaintiff requested a trial de novo. (Doc. 73-4 at 2; see also Doc. 45-4 at 1.) Prior to trial, Plaintiff reached an agreement with the State, which the State District Court accepted and ordered, and the Parking Citation was dismissed by nolle prosequi. (Doc. 56-19 at 2, ¶ 2; Doc. 56-19 at 5.)

Although Plaintiff did not request reimbursement of his towing expenses during negotiations with the State, the City has a procedure in place whereby claimants may submit a claim to recover towing expenses. (See Doc. 73-2.) In order to initiate a claim for towing expenses, a claimant needs to submit a letter or a "Standard Claim Form" to the Department of the Corporation Counsel for review. (Doc. 73-2 at 3, ¶ 9.) A claim is thereafter reviewed, and if denied, claimants are able to resubmit their claim for reconsideration setting forth additional evidence or reasons why the claim should be granted. (Doc. 73-2 at 3, ¶¶ 11-12.) Plaintiff did not avail himself of the City's claim reimbursement process.

All of the parties filed dispositive motions in this case. On September 4, 2014, the City filed a Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment. (Doc. 44.) On September 8, 2014, Ace Towing filed a Motion to Dismiss and/or for Summary Judgment. (Doc. 49.) On September 10, 2014, Plaintiff filed a Motion for Summary Judgment, voluntarily dismissing four of his original seven causes of action, and maintaining that the

4

City's Tow Ordinances were unconstitutional facially and as applied for failing to provide Plaintiff with the right to notice and the opportunity to be heard at a meaningful time and in a meaningful manner following the seizure and detainment of his vehicle. (See Doc. 55-1 at 23, 26.) Plaintiff further argued that the City's Tow Ordinances violate the due process guarantees of the Hawaii State Constitution as well as the U.S. Constitution for its alleged failure to provide notice and a meaningful opportunity to be heard. (Doc. 55-1 at 24-25.)

These matters came on for hearing on December 15, 2014. (Doc. 82.) On January 12, 2015, the Court granted both the City's and Ace Towing's Motions, and denied Plaintiff's Motion. (Doc. 95 at 2.) Specifically, the Court held that the process available to Plaintiff to adjudicate the underlying parking violation, and thereafter to make a claim for reimbursement of the towing expenses, satisfied due process requirements, and thus, Plaintiff's due process rights were not violated. (Doc. 95 at 7, 15.)

On January 26, 2015, the City filed its Bill of Costs, seeking the reimbursement of $400 in filing fees, and $43.20 in in-house copying costs. (Doc. 98-1 at 1.) On February 2, 2015, Plaintiff filed a Memorandum in Opposition to the City's Bill of Costs. (Doc. 99 at 2.) In his two-page Opposition, Plaintiff does not challenge the costs requested, and instead, Plaintiff only requests that the Court

"stay taxation of costs until either the time to appeal from the Judgment entered has expired or if appeal is taken and a decision filed." (Doc. 99 at 2.) For the foregoing reasons, the Court DENIES Plaintiff's request to stay taxation of costs, and GRANTS the City's Bill of Costs in the amount of $443.20.

## DISCUSSION

Before proceeding to a discussion of the City's Bill of Costs, the Court first addresses Plaintiff's request to stay taxation of costs pending appeal. (See Doc. 99 at 2.) In assessing whether to issue a stay pending appeal, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (citations omitted). Plaintiff fails to allege any facts indicating a strong likelihood of success on the merits on appeal, or that he will be irreparably injured absent a stay if costs in the amount of $443.20 are taxed against him. Particularly, Plaintiff's opposition fails to even indicate whether an appeal will actually be filed. (See Doc. 99 at 2 (requesting that the Court stay taxation of costs "until either the time to appeal from the Judgment entered has expired or if appeal is taken and a decision filed").) Accordingly, the Court

concludes that there are no grounds for a stay, and therefore, Plaintiff's request for a stay is DENIED.

Proceeding to the City's Bill of Costs, FRCP Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered[.]" Local Rule LR 54.2(a). On January 12, 2015, the Court entered an Order Granting the City's Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment, and denied Plaintiff's Motion for Summary Judgment, as to all of Plaintiff's remaining claims. (Doc. 95.) Accordingly, the City is the prevailing party in this action.

Courts have discretion to award costs pursuant to FRCP Rule 54(d), see Yasui v. Maui Electric Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999), and the burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). Indeed, "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Id. While courts have discretion to award costs pursuant to FRCP Rule 54(d), courts may only tax costs that are specified in 28 U.S.C. § 1920. See Yasui,

78 F. Supp. 2d at 1126 (citations omitted); see also Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 176 (9th Cir. 1990) (providing that Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in FRCP Rule 54(d)).  Section 1920 permits this Court to tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The City's Bill of Costs includes costs in the amount of $443.20 for filing fees and in-house copying costs.  (Doc. 98.)  These costs are taxable under 28 U.S.C. § 1920.  Although Plaintiff generally opposes the City's Bill of Costs, Plaintiff does not otherwise object to the costs requested.  (See generally Doc. 99.)

## I. Fees of the Clerk

The City requests reimbursement of $400 for fees of the clerk, and provides a receipt detailing $400 in civil filing fees paid in this matter.  (Doc. 98-1

at 1; 98-4 at 2.)  Insofar as fees of the clerk are taxable under 28 U.S.C. § 1920(1), the City is entitled to its costs of $400.

## II. Copy Costs

The City also requests reimbursement of in-house copying costs totaling $43.20.  (Doc. 98 at 2-3.)  Section 1920(4) explicitly provides for the taxation of copying costs for copies "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Local Rule LR 54.2(f)(4) sets forth specific requirements that must be met when requesting costs for copying expenses incurred:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.

Local Rule LR 54.2(f)(4) further provides that "[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable." Moreover, it is the practice of this Court "to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable."  Id.

In support of the request for in-house copying costs, the City submitted an invoice listing the documents copied, the number of pages of each document copied, and the cost per page, for a total of 288 pages at $0.15 per page.  (Doc. 98 at 2-3.)  The City maintains that the items copied, which were dispositive motions and

9

their related documents, were necessarily obtained for use in the defense of this action and to comply with the Court's rules regarding courtesy copies. (Doc. 98-3 at 3, ¶ 10.) Insofar as copying costs are taxable under 28 U.S.C. § 1920(4), the City is entitled to its in-house copying costs of $43.20.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's request to stay taxation of costs, and GRANTS the City's Bill of Costs (Doc. 98). Specifically, the Court ORDERS that costs in the amount of $443.20 be taxed in favor of Defendant City and County of Honolulu.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 5, 2015



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Schroeder v. Ace Towing Services, Inc., et al., Civ. No. 13-00706 BMK, ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S BILL OF COSTS.